UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

RICHARD BLAUSTEIN, ET AL.                CIVIL ACTION

VERSUS                                   NO: 08-1357

BURT DAVID HUETE, ET AL.                 SECTION: "J" (5)

                          **ORDER AND REASONS**

Before the Court is defendant Charles Custer's **Motion to Dismiss (Rec Doc. 13).** This motion, which is opposed, was set for hearing on July 9, 2008 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that defendant's motion should be denied.


                          **Background Facts**

This action arises out of a dispute over the ownership and patent rights to technology referred to by the parties as the Stalker Technology. In October 2007, Burt David Huete filed a lawsuit in the 24th Judicial District for the Parish of Jefferson against defendants Special Projects Limited, LLC ("SPL"), Richard Blaustein, Gail Blaustein, Charles Custer, Ben Hennington, and

Dynasty Venture, LLC.  Huete sued seeking declaratory and injunctive relief barring his "removal as the inventor of the Stalker Technology and the Patent" and barring his removal "as a member and owner of SPL" and declaratory judgments that he is "an inventor and owner of the Stalker Technology and Patent" and "owns an interest in SPL".  Huete further seeks actual, compensatory and statutory damages for the alleged wrongful activities of the defendants.

On March 19, 2008, the Blausteins filed suit in federal court against Huete.  The Blausteins' complaint essentially seeks to controvert the allegations made by Huete in the state court action.  The Blausteins seek declaratory judgment regarding their status as inventors of the Stalker Technology and monetary damages.  In addition to defending their status as inventors of the Stalker Technology, the Blausteins seek to remove Huete from the Stalker Patent.  Huete answered the Blausteins' complaint generally denying all of the allegations, asserting various counterclaims, which are similar to his state court claims, and asserting third party claims, which are also similar to the state court claims, against the remaining original state court defendants: Charles Custer, Ben Hennington, Dynasty Ventures, LLC, and SPL.  On April 28, 2008, the defendants in the state court action removed that suit to federal court.  Subsequently, on May 13, 2008 the removed suit was combined with the Blaustein

suit in this Court.

The factual issues are highly contested by the parties. The original concept for the Stalker Technology seems to have originated with the Blausteins. Sometime in the first half of 2006, the Blausteins began to work with Huete. Subsequently, Ben Hennington was brought into the group. On October 28, 2006 a provisional patent for the Stalker Technology was filed with the United States Patent and Trademark Office. Burt David Huete, Richard Blaustein, Gail Blaustein, and Ben Hennington were listed as co-inventors on the provisional patent. On November 9, 2006, Special Projects Limited, LLC ("SPL") was formed for the purpose of marketing and exploiting the Stalker Technology. The original members of the LLC were Richard Blaustein, Ben Hennington, and Huete. Each held a 1/3 interest in the company, which at first was a member-managed LLC. Huete personally filed the organizational documents for SPL with the Louisiana Secretary of State. Huete's reasons for personally wanting to file the LLC paperwork are disputed, but it is clear that Gail Blaustein was omitted from the original SPL organization documents. She was subsequently added as an SPL member by resolution and amendment to the SPL Operating Agreement. Charles Custer joined the LLC as a member a few months after its formation. Dynasty Ventures LLC purchased an interest in SPL from Richard Blaustein on June 4, 2007, with approval of the SPL membership. At that time the LLC

was restructured to a Manager-Managed LLC.  The reasons for this change are disputed.

On March 14, 2007, at a meeting of the SPL membership, it was generally agreed and recorded in the minutes that the Stalker Technology patent holders, who were also SPL members, would assign the Stalker Provisional Patent to SPL.  On August 21, 2007, SPL received the Provisional Patent Assignment forms from SPL's patent law firm, Maier & Maier PLLC.  At that point the members had planned to sign the assignment forms, but for disputed reasons Huete refused to sign.  Around September 25, 2007, by a vote of the membership that did not include Huete, Huete was removed as a member of SPL for acts of misconduct and breaches of his fiduciary duty.  Huete disputes the legality of this action to remove him from SPL.  Additionally, around this same date the members of SPL, again without Huete participating, voted to dissolve the LLC.  After the dissolution, Huete allegedly directed SPL's patent counsel to file the non-provisional patent application for the Stalker Technology, listing Huete as the first inventor.  That application was filed by counsel on November 1, 2007.  The United States Patent and Trade Office assigned the application the number 11/979295, listing Huete as the first named inventor.

## **The Parties' Arguments**

Charles Custer argues in this motion that Huete does not state claims upon which relief can be granted because either Huete already has the relief he seeks and has had this relief since before he filed the original state court action, or it is impossible to grant the relief he seeks.  Specifically, Custer argues that on September 24, 2007, by an affirmative vote of 71.75% of the SPL membership, the LLC was dissolved.  Thus, Custer argues that it is impossible for the Court to grant Huete preliminary and permanent injunctions barring his removal as a member and owner of SPL or a declaratory judgment that he owns an interest in a non-existent entity.  Second, Custer argues that because of Huete's action to cause SPL's counsel to file the non-provisional patent application with Huete as the first named inventor, Huete's interest in the patent is preserved and his ownership rights are governed by statute and should not be adjudicated by this Court.  Again Custer argues that the Court cannot grant Huete the relief he requests since Huete is already listed an owner and inventor of the patent.

In opposition Huete contends that Custer's arguments are not proper for a 12(b)(6) motion.  Huete asserts that in regard to ownership of the patent, Custer disputes the remedy sought and not the claim.  Huete suggests that Custer is actually consenting to his demand that he be acknowledged as an inventor and owner of

the technology and patent. Also, Huete argues that Custer's arguments regarding his membership and interest in SPL are based on highly contested factual disputes, and that if such disputes are decided in Huete's favor then he can obtain his requested relief. In addition, Huete asserts that Custer's arguments should not lead to dismissal in light of the other parties and claims in this suit.

## **Discussion**

As set forth by the Supreme Court in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), the standard to be applied when deciding a Rule 12(b)(6) motion is not whether it is conceivable that some set of facts could be developed to support the allegations in the complaint, but rather whether the plaintiff has stated enough facts in the complaint to allow a court to conclude that it is "plausible" that the plaintiff is entitled to relief. The Court must accept as true all well-plead allegations and resolve all doubts in favor of the plaintiff. Tanglewood East Homeowners v. Charles-Thomas, Inc., 849 F.2d 1568, 1572 (5th Cir. 1988).

This motion to dismiss attacks two claims made by Huete. First, Custer contends that Huete does not and cannot state a claim upon which relief can be granted with respect to Huete's status as an inventor and owner of the Stalker Technology.

6

Custer argues that Huete is not entitled to declaratory and injunctive relief regarding his status as an inventor and owner because Huete is already a named inventor on the patent and his rights are governed by statute.  This does not appear to be an attack on the claim made by Huete as much as it is an attack on the remedies sought.  More precisely, Custer appears to concede that Huete is entitled to ownership of the invention but that he simply should not be allowed a judicial declaration to that effect.  Such an argument does not favor dismissal of Huete's claim.

The second claim that Custer attacks is Huete's request for a preliminary and permanent injunction to prevent him from being removed as a member and owner of SPL.  Custer contends that no relief can be granted for this claim because SPL no longer exists.  However, SPL's existence and the parties respective interests in the LLC are disputed facts that are at issue in this litigation.  In his pleadings, Huete contends that the defendants "wrongly attempted to misappropriate his membership interest" and that the actions to dissolve SPL were unlawful.  Huete Counterclaim (Rec. Doc. 7).  Accepting these allegations as true, Huete plainly states a claim for which relief can be granted if it is determined that his membership interest was misappropriated or SPL was illegally dissolved.  Accordingly,

**IT IS ORDERED** that defendant Charles Custer's **Motion to**

7

**Dismiss (Rec Doc. 13)** is hereby **DENIED.**

New Orleans, Louisiana, this 30th day of October, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE