```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

RICHARD BLAUSTEIN, ET AL.                CIVIL ACTION

VERSUS                                   NO: 08-1357
                                            c/w 08-2004

BURT DAVID HUETE, ET AL.                 SECTION: "J" (5)
```

**ORDER AND REASONS**

Before the Court is Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and/or to Stay Pending Arbitration as to the *Blaustein* Plaintiffs (Rec. D. 41), and Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and/or to Stay Pending Arbitration as to *Burt David Huete,* the third party Plaintiff (Rec. D. 46). These motions, which are opposed, were set for hearing on September 2, 2009 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Defendant's motions are **GRANTED** in part.

**BACKGROUND FACTS**

This action arises out of a dispute over the ownership and patent rights to technology referred to by the parties as the Stalker Technology. In October 2007, Burt David Huete filed a lawsuit in the 24th Judicial District for the Parish of Jefferson against defendants Special Projects Limited, LLC ("SPL"), Richard Blaustein, Gail Blaustein, Charles Custer, Ben Hennington, and Dynasty Venture, LLC. Huete sued seeking declaratory and injunctive relief barring his "removal as the inventor of the Stalker Technology and the Patent" and barring his removal "as a member and owner of SPL" and declaratory judgment that he is "an inventor and owner of the Stalker Technology and Patent" and "owns an interest in SPL". He also sought actual, compensatory and statutory damages for the alleged wrongful activities of the defendants.

On March 19, 2008, the Blausteins filed suit in federal court against Huete. The Blausteins' complaint essentially seeks to controvert the allegations made by Huete in the state court action. Additionally, the Blausteins seek declaratory judgment and monetary damages regarding their status as inventors of the Stalker Technology . They also seek to remove Huete from the Stalker Patent. Subsequently, Huete's state court suit was removed to this Court and consolidated with the Blaustein's suit.

On November 18, 2008, the Blausteins amended their complaint

2

to include charges against their Virginia based patent attorneys Maier & Maier et al. In their complaint the Blausteins allege, among other things, legal malpractice, breach of duty, and fraud. Timothy Maier, Christopher Maier, and Maier & Maier, LLC (hereafter "Maiers") responded by filing a Motion to Dismiss and/or Stay (Rec. D. 41) on January 23, 2009.

On February 5 2009, Huete filed third party claims against Maiers.[1] Maiers responded by adopting the arguments in their Motion to Dismiss against Huete on February 17, 2009. (Rec. D. 46).

## **THE PARTIES' ARGUMENTS**

<u>Motion to Dismiss as to the Plaintiffs</u>

Maiers move this Court to dismiss them as a party for lack of personal jurisdiction and/or to stay the case pending arbitration.

Maiers argue that they do not have sufficient contacts with Louisiana to justify this Court exercising jurisdiction over them. They claim that since Plaintiffs' complaint fails to allege

---

[1] The Court notes that technically Huete's claims against the Maiers are crossclaims pursuant to the Federal Rules of Civil Procedure Rule 13(g). However, as they are styled as third party claims in the pleadings, the Court refers to them as third party claims to promote consistency.

3

any facts which would constitute contacts between the Maiers and Louisiana, this Court should dismiss them from the law suit.

In support of this proposition, Maiers first argue that the Court lacks specific jurisdiction over them because conducting legal services for clients based in Louisiana is not sufficient to justify an exercise of jurisdiction over them. As support for this proposition they rely heavily on <u>Henry v. Gallop, Johnson & Neuman, LLC.</u>, 2004 WL 2095608 (E.D. La 2004). In <u>Henry</u>, the Court dismissed a defendant law firm from Missouri for lack of personal jurisdiction in a legal malpractice suit. <u>Id.</u>

Maiers also rely on several other facts to argue that the Court should decline to exercise personal jurisdiction over them. For instance, all business transactions between Plaintiffs and Maiers took place in Virginia, the patent was executed in Virginia, the patent office is located in Virginia, and the contract signed by Plaintiffs with Maiers contains a forum selection clause which specifies that Virginia Courts will resolve any dispute arising from the "Representation and Fee Agreement" (hereafter "the agreement").

Maiers also argue that the Court lacks general jurisdiction over them. As support, Maiers argue that they have no offices in Louisiana, no phone number or post office box to tie them to the state, they do not solicit business Louisiana, nor do any of the Maiers own immovable property in Louisiana. These facts,

4

according to Maiers, preclude the Court from exercising general jurisdiction over them.

Maiers alternatively contend that this Court should stay proceedings pending the resolution of the mandatory arbitration required by the agreement between the parties. Maiers argue that where an arbitration clause is contained in a contract, there is a strong presumption in favor of its enforcement to resolve disputes. Moses H. Cone Mem'l Hosp. v. Mercury Constr.Corp., 460 U.S. 1, 24 (1983). They argue that at least one Louisiana Court has recognized a strong policy interest in enforcing arbitration clauses specifically with respect to malpractice claims. Lafleur v. Law Offices of Anthony G. Buzbee, P.C., 960 So. 2d 105, (La. App. 1 Cir. Mar. 23, 2007)

Finally, Maiers argue that the United States Patent Code favors the enforcement of arbitration clauses within patent contracts. 35 U.S.C. 294.

In response, Plaintiffs[2] argue that the Court should exercise personal jurisdiction and should decline to stay the proceedings.

Plaintiffs first argue that they are the clients of the agreement between the Maiers and the SPL, LLC, the limited liability corporation of which Plaintiffs run the controlling interest. This was factually disputed by Maiers in the fact

---

[2]Plaintiffs represent themselves *pro se.*

5

section of their memo. Since this issue is irrelevant to the motion before the Court, the Court need not address this issue in the instant opinion.

Plaintiffs further argue that the federal Courts have jurisdiction over patent claims, a matter of law which is obvious but not in dispute. In support of personal jurisdiction, Plaintiffs cite only one case. In <u>Lex. Tex. Ltd. v. Skill man</u>, the District of Columbia exercised personal jurisdiction over an attorney who practiced out of its patent office. 579 A. 2d 244 (D.C. 1990)

In reply, Maiers assert that Plaintiffs' memorandum primarily focuses on subject matter jurisdiction, an issue not relevant to this motion. Maiers also argue that the one personal jurisdiction case cited by Plaintiffs, <u>Tex</u>, actually supports Maiers' argument. That case, argues Maiers, relies on the fact that the attorney had actually practiced in the jurisdiction to assert personal jurisdiction over him. Maiers also take time to point out the lack of argument against the enforcement of the arbitration clause of the contract, and other perceived inadequacies of the contract.

In their sur-response, Plaintiffs argue that because there is a strong federal interest in the adjudication of patent disputes, this Court should nullify the arbitration clause and allow the case to progress.

Subsequently, Plaintiffs filed another reply which was identical to the previous sur reply but for a section dealing with personal jurisdiction in which Plaintiffs allege that Maiers did in fact have sufficient contact with the jurisdiction based on precedent intended to delineate the standards for internet website and personal jurisdiction.

Motion to Dismiss as to the Huete Third Party Claims

The Maiers advance identical arguments in support of their motion to dismiss them as a party for lack of personal jurisdiction and/or stay the case pending arbitration as to the third party claims of Huete.

In opposition, Huete argues that the Court does have jurisdiction and should not stay the proceedings pending resolution through mandatory arbitration.

Huete argues that since the source of harm alleged in their claim was directed at Louisiana, the Maiers have opened themselves up to this Court's jurisdiction. They rely on two Fifth Circuit opinions to argue that this Court has jurisdiction because the alleged harm was predicably felt in Louisiana and Maiers directed their intentionally tortious behavior at Louisiana. See Walk Haydel & Assocs. v. Coastal Power Prod. Co.,

517 F.3d 235 (5th Cir. 2008); Wien Air Alaska, Inc. v. Brandt, 195 F.3d 208 (5th Cir. 1999).

## Discussion

The Court takes up the issue of the binding arbitration first since it is dispositive in this case. The Federal Arbitration Act provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. Furthermore, in Alford v. Dean Witter Reynolds, Inc.,, the Fifth Circuit concluded that "[t]he weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration." 975 F.2d 1161, 1164 (5th Cir. 1992)(citations omitted)(emphasis in original).

8

A dismissal of all claims is the most appropriate remedy to resolve this dispute; all the claims between the Maiers and the Plaintiffs and the third party Plaintiff are covered under the agreement.

The Court rejects Huete's argument that he is not a party to the agreement. Huete argues that since his claims against the Maiers is in his individual capacity and he signed the agreement as a SPL *corporate* representative, the agreement does not apply to his claims. However, this argument would render all arbitration agreements virtually unenforceable since parties would be able to sue in an alternative capacity and claim to be outside of the arbitration agreement.

Furthermore, McCarthy v. Azure, the case relied on by Huete, is easily distinguishable. 22 F.3d 351 (1st Cir. N.H. 1994). In that case, it was the defendant who was not named in the arbitration clause. Id. The Plaintiff brought suit against the defendant for actions he took as an individual outside the scope of the agreement. Id. Here, the Plaintiffs and the third party Plaintiff are suing the Maiers for the very conduct the agreement was intended to cover.

Furthermore, the Supreme Court has favored the liberal enforcement of arbitration clauses. Moses H. Cone Mem'l Hosp. v. Mercury Constr.Corp., 460 U.S. 1, 24 (1983)

Since the Court finds that the Plaintiffs' and the third party Plaintiff's claims against Maiers should be dismissed pursuant to their binding arbitration agreement, the Court does not need to resolve the question of personal jurisdiction over the Maiers. Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss Pending Arbitration is **GRANTED**. Timothy Maier, Christopher Maier, and Maier & Maier, LLC are hereby dismissed without prejudice as to the claims against them by Plaintiffs and the third party Plaintiff.

New Orleans, Louisiana, this 10th day of September, 2009.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE