```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA

RICHARD BLAUSTEIN, ET AL.              CIVIL ACTION

VERSUS                                 NO: 08-1357
                                            c/w 08-2004

BURT DAVID HUETE, ET AL.               SECTION: "J" (5)
```

**ORDER**

**Before the Court** is Plaintiffs' Motion for Reconsideration (Rec. D. 120)

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. <u>Bass v. U.S. Dept. of Agric.</u>, 211 F.3d 959, 962 (5th Cir. 2000). If such a motion is filed within 10 days it is considered under the standards of a Rule 59(e) Motion to Alter or Amend Judgment. <u>Tex. A&M Research Found. v. Magna Transp., Inc.</u>, 338 F.3d 394, 401 (5th Cir. 2003). A Rule 59(e) motion 'calls into question the correctness of a judgment.' The Fifth Circuit Court of Appeals has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Rather, Rule 59(e) 'serve[s] the

narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'Templet v. HydroChem Inc., 367 F.3d 473, 478-79 (5th Cir. 2004) (citations omitted) Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. Id. This Court may properly decline to consider new arguments or new evidence on reconsideration where those arguments were available to the movant prior to the order. Id.

Plaintiff has not argued any new facts or law nor have they indicated a manifest error in law.

Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion for Reconsideration** (Rec. D. 120) is **DENIED** and that Oral Arguments are **CANCELLED**.

New Orleans, Louisiana this the 20th day of October, 2009.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE